IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY PETER PARROTT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-313-S-EJL |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| RANDY BLADES, and DR. ) | |
| BLAKESLEE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court are the following motions: (1) Defendant Blakeslee's Motion for Summary Judgment (Docket No. 25); (2) IDOC Defendants' Motion to Dismiss or for Summary Judgment (Docket Nos. 33, 34); (3) Defendants' Motion to Strike Plaintiff's Response (Docket No. 37); (4) Plaintiff's Motions for Court-Ordered Deposition and Requests for Admissions (Docket No. 42); (5) Defendant Blakeslee's Motion to Join in the IDOC Defendants' Motion (Docket No. 44); (6) Plaintiff's Motion for Preliminary Injunction (Docket No. 48); (7) Plaintiff's Motion for Injunction on

Updated Conditions (Docket No. 52); and Plaintiff's Motion for Hearing (Docket No. 58). After Defendants filed their motions to dismiss, Plaintiff was provided the "Notice to Pro Se

**ORDER - 1**

Litigants of the Summary Judgment Rule Requirements" by the Clerk of Court. (Docket No. 26, 36).

Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Id. L. R. 7.1(b). Accordingly, the Court has determined that it will grant the Defendants' Motions for Summary Judgment as to Plaintiff's compensatory damages claims, but it will request additional briefing on Plaintiff's request for a follow-up visit with his treating oncologist.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is presently incarcerated at the Idaho State Correctional Institution (ISCI). Plaintiff asserts an Eighth Amendment violation for an alleged delay in providing adequate medical care for a malignant cancer in his finger. Plaintiff believes that the melanoma has spread to the surrounding tissue and through his blood, and he claims that he is in danger of developing other medical conditions as a result of the melanoma. He was authorized to proceed with this claim against Defendants Blades, Lucus, and Blakeslee. [1]

---

[1] When Defendants returned the Waiver of Service of Summons forms, they informed the Court that neither PHS nor CMS had an individual named Tom Lucas in their employment records. Accordingly, counsel for these entities did not file an Answer on behalf of this individual named in Plaintiff's Complaint. It does not appear from the record that Plaintiff ever

**ORDER - 2**

Plaintiff's Complaint requests compensatory damages and an injunctive order, providing for immediate cancer treatments.

## SUMMARY JUDGMENT STANDARD

Summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

---

obtained the real name for the person described in the Complaint, and therefore, Defendants Blakeslee and Blades are the only Defendants against whom Plaintiff prosecuted his claims.

**ORDER - 3**

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31(internal citation omitted). The Court is required, however, to determine whether the evidence set forth meets the requirements of Rule 56(c) and (e). In so doing, the Court is to look at admissibility of the *content* of the evidence, rather than the admissibility of the *form* of the evidence. *See Fonseca v. Sysco Food Service of Arizona*, 374 F.3d 840, 846 (9th Cir. 2004); *Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v. New Hampshire Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) (same). Declarations that contain hearsay are admissible for summary judgment purposes if they "could be presented in an admissible form at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 377 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

**ORDER - 4**

**Standard for Medical Claims**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways:
>
> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). The Ninth Circuit recently clarified that if medical personnel have been "consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," summary judgment is proper. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

**ORDER - 6**

## PENDING MOTIONS

**Defendant Blakeslee's Motion for Summary Judgment**

**A.  Undisputed Facts**

Plaintiff is an inmate in the custody of the Idaho Department of Correction.  On January 4, 2005, Plaintiff asked to be seen for a growth on his finger.  Two days later, he was seen by Defendant Blakeslee, a physician employed by Prison Health Services.  Plaintiff's left middle finger had a thick growth which protruded from underneath the fingernail.  The fingernail was also infected.  *Defendants' Statement of Undisputed Facts*, Docket No. 25-2, p. 2 (citing *Affidavit of Jodean Elliott-Blakeslee, M.D.,* Docket No. 25-3).

Defendant Blakeslee determined that Plaintiff should be referred to a hand surgeon to address the condition of the finger.  On January 6, 2005, an order was written for Plaintiff to receive an antibiotic for the infection and to be referred to a hand surgeon to remove the growth.  Defendant Blakeslee filed the paperwork, starting the referral process on that same date.  *Id*., p. 2.

On January 26, 2005, Plaintiff had a medical examination with hand surgeon, Dr. Troy Watkins.  Dr. Watkins performed surgery on Plaintiff's finger on April 14, 2005, approximately two and one-half months after the initial examination.  *Id*., p. 2.  Defendant Blakeslee examined Plaintiff's finger the day after the surgery to evaluate his recovery.  Two weeks later, Dr. Watkins amputated a portion of Plaintiff's left middle finger after it was determined that the growth on the finger was squamous cell carcinoma.  *Id*., p. 3.

**ORDER - 7**

Plaintiff saw Dr. Watkins for two additional visits on May 11, 2005 and May 18, 2005. Plaintiff was referred to oncologist, David Koeplin on July 18, 2005, approximately one month after his last visit with Dr. Watkins. Dr. Koeplin prescribed a course of twenty-eight radiation treatments for the squamous cell carcinoma, and Plaintiff received twenty-four treatments. *Plaintiff's Motion to Deny Defendants' Motion*, Docket No. 28, p. 1. Plaintiff returned to Dr. Koeplin on November 17, 2005 and March 6, 2006 for follow-up visits. Dr. Koeplin reported that there was no evidence of disease related to the squamous cell carcinoma at the last follow-up visit. *Id*, p. 3.

Plaintiff believes that the squamous cell carcinoma located in his finger "was []going to interact with [emphysema], possible lung cancers, swollen lymph nodes, etc." Docket No. 28, p. 1. He also believes that there is "collateral damage" from the cancer in his finger, and Defendant failed to conduct further tests such as another biopsy, a throat scan, and blood work. Plaintiff claims that there is no cure for the squamous cell carcinoma and that the spores from the cancer were released into his body at the time of the surgery. He argues that Defendant Blakeslee should have ordered a biopsy of the growth on his finger before Dr. Watkins performed the surgery in order to avoid spreading the "cancer spores." Docket No. 28, p. 2. Plaintiff's affidavit provides the only support for these allegations.

**Discussion**

In order to survive a motion for summary judgment, Plaintiff must come forward with evidence showing that there is a genuine issue of material fact as to Defendants' deliberate

**ORDER - 8**

indifference to his cancerous finger. *T.W. Electric Serv.*, 809 F.2d at 630. If Plaintiff's evidence shows that his civil rights claim lacks an essential element, then summary judgment is appropriate. *Celotex*, 377 U.S. at 322 . After reviewing the evidence, the Court has concluded that Plaintiff's evidence fails to show deliberate indifference to his cancer condition.

It is undisputed that Defendant Blakeslee referred Plaintiff to a specialist immediately after examining his finger in January of 2005. Plaintiff was also referred to Dr. Watkins for a surgery consultation, and the growth was removed from the finger. After Dr. Watkins determined that the growth was cancerous, a portion of his finger was amputated. Plaintiff was subsequently referred to an oncologist, Dr. Koeplin, who ordered radiation therapy for the finger. Although Plaintiff alleges that he missed four of the twenty-eight radiation treatments, there is no evidence that this caused any damage to Plaintiff's condition, nor is there any evidence that Defendant Blakeslee interfered with the radiation therapy. When Plaintiff returned for a follow-up visit with Dr. Koeplin, there was no evidence that the cancer had recurred. Therefore, there is no link between the failure to provide the full twenty-eight radiation visits and a recurrence of the cancer.

Plaintiff speculates that he may develop other kinds of cancer or emphysema as a result of the squamous cell carcinoma, but there is no evidence of this in the record, apart from Plaintiff's conjecture. The Court notes that Plaintiff's medical records show that he reported

**ORDER - 9**

engaging in smoking for over thirty years, and therefore, his speculation that his emphysema resulted from the cancer originating in the finger could also have another plausible cause.

Plaintiff also speculates that Defendant Blakeslee should have performed a biopsy prior to his finger surgery, but it was Dr. Watkins who made the decision to remove the growth on Plaintiff's finger, test the growth for cancer cells, and then amputate a portion of the finger after receiving the pathology report. None of these factors point to deliberate indifference on Defendant Blakeslee's part.

Plaintiff is essentially alleging that he believes the cancer could spread from the melanoma in his finger to other parts of his body, but there is no evidence showing any damage resulting from the medical treatment he received pursuant to Defendant Blakeslee's orders. Based on the foregoing, Plaintiff has failed to provide essential elements of his Eighth Amendment claim, namely a showing of deliberate indifference and damages flowing from the alleged inadequate medical care. As previously set forth, if medical personnel have been "consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," summary judgment is proper. *Toguchi v. Chung*, 391 F.3d at 1061.

Based on the foregoing, Defendant Blakeslee's Motion for Summary Judgment is granted, and the compensatory damages claims against Defendant Blakeslee are dismissed. The Court has also determined that Defendants' Motion to Strike Plaintiff's Response is without merit, and as such, is denied.

**ORDER - 10**

**Warden Blade's Motion for Summary Judgment**

**A. Undisputed Material Facts**

Plaintiff alleges that he injured his finger while working in the prison wood shop. He claims that he did not receive proper care for the injury, and he believes that the earlier injury caused the squamous cell melanoma in the finger. *Amended Complaint,* , p. 3; *IDOC Defendants' Statement of Undisputed Facts*, p. 2. Plaintiff was treated by Defendant Blakeslee beginning in January of 2005 for the growth on his finger. Plaintiff was referred to a hand surgeon and underwent two surgeries. *Id*.

Defendant Blades became the Warden at the Idaho State Correctional Institution (ISCI) in July of 2003. Defendant Blades did not change the medical personnel's treatment orders for Plaintiff's finger condition. *Affidavit of Randy Blades*, Docket No. 33-2, p. 1-2. Plaintiff informed Defendant Blades that he did not feel he was receiving adequate medical care for his finger, and Defendant Blades checked with the medical staff, who assured him that Plaintiff was receiving appropriate care. Defendant Blades did not direct Plaintiff's medical care, nor did he interfere with the treatment prescribed by Defendant Blakeslee. *Id*., p. 2-3.

**Discussion**

The Court has concluded that Plaintiff's allegations against Defendant Blades lack an essential element for a civil rights claim: he has failed to show evidence of the personal participation of Defendant Warden in the alleged failure to provide medical care to Plaintiff.

**ORDER - 11**

In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the personal participation requirements that must be included in a civil rights complaint:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

Plaintiff has failed to show that Defendant Blades either personally participated in the Eighth Amendment violation himself or participated in the violations of his subordinates. There is no evidence in the record before the Court showing Defendant Blades participation. Accordingly, the claim against Defendant Blades is dismissed. [2]

**Plaintiff's Motion for Depositions**

After Defendants filed their respective Motions for Summary Judgment, Plaintiff filed a "Motion for Court Ordered Depositions." *Docket No. 42*. The motion requests that the Court establish a place and time for depositions with several unnamed physicians, Dr. Watkins, and Plaintiff's family members. He also requests the depositions of the named Defendants. This is a one-page motion, and it provides no indication that Plaintiff has the means to take the depositions of these individuals, nor does it provide an indication as to what

---

[2] Defendant Blades also argued in the alternative that Plaintiff's claims are subject to dismissal for failure to complete the prison grievance process. Because Defendant Blades requested a summary judgment ruling on the merits of Plaintiff's claim, the Court will not address whether Plaintiff adequately completed the prison grievance process.

kind of evidence would be gleaned from taking these persons' depositions. There is no allegation that Plaintiff has been denied access to medical records or other written discovery in this case.

In order to obtain additional discovery after Defendants filed their Motions for Summary Judgment, Plaintiff must specifically describe the information he claims is lacking in order to defend against the summary judgment request. *Hall v. State of Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). "The party seeking additional discovery also bears the burden of showing that the evidence sought exists," and is not "the object of pure speculation." *Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir. 1990).

As set forth above, Plaintiff's allegations relating to his cancer treatment rest upon his speculation that his cancer has spread to other parts of his body and that he is experiencing "an interaction" with the cancer in his lungs and other organs. Plaintiff has failed to show how the evidence gleaned in the depositions of the persons listed in his motion would preclude the entry of summary judgment for Defendants, and it appears that the evidence he seeks is purely speculative on his part. Accordingly, the Court denies Plaintiff's request for depositions.

### Plaintiff's Motion for Injunctive Relief

Plaintiff filed a motion requesting the following medical treatment: (1) a biopsy on alleged lesions in his lungs; (2) an examination of his back because it is "only half fused;" (3)

**ORDER - 13**

a colonoscopy because of his age; (4) a follow-up visit for cancer; (5) treatment for emphysema; (6) treatment for reflux disease; (7) treatment for stomach problems; and (8) an examination of his prostate. *Motion for Injunction*, Docket No. 48, p. 2.[3]

Plaintiff alleges that there may be an "interaction" from the melanoma in his finger with other medical conditions he believes he is suffering. He claims that he needs to undergo a variety of medical tests and receive treatment for a number of medical complaints because he is aware that his sister has received medical tests for similar medical conditions from which she suffers. He alleges that some of these medical tests have been scheduled, but then he was not transported to the medical appointments.

Plaintiff's requests for treatment encompass a broad array of medical problems that were raised for the first time in his request for injunctive relief. The only exception is Plaintiff's request that he return for a follow-up visit to Dr. Koeplin, his treating oncologist. The Court will not expand this present lawsuit to include the array of additional medical conditions Plaintiff is allegedly experiencing or speculates he may be experiencing. Therefore, the request for medical tests and treatment as to these alleged conditions is denied. In the event Plaintiff believes that he meets the Eighth Amendment standard set forth above, he may file a separate lawsuit, containing these claims.

---

[3] Plaintiff filed a Motion for Injunction (Docket No. 48), requesting the same relief as that requested in the later-filed motion. The difference between the two motions is that the first one requested a follow-up visit to Dr. Koeplin before six months had elapsed from the previous visit in which no recurrence of cancer was detected. Plaintiff claims that the oncologist requested follow-up visits every six months. Accordingly, the Court deems the first request for a follow-up visit to be premature, and it will be denied on that basis.

**ORDER - 14**

Plaintiff's request for a return visit to his oncologist appears to have some validity because the record before the Court indicates that Plaintiff's last visit to his oncologist was one year ago. Plaintiff claims that Dr. Koeplin requested follow-up visits at six-month intervals. *See Plaintiff's Continued Motion for Injunction*, Docket No. 52, p. 1-2 (alleging that Dr. Koeplin requested follow-up visits every six months). Based on Plaintiff's allegation that his treating oncologist requested the follow-up visits, the Court will request additional briefing on this issue. Plaintiff is requested to submit an updated affidavit pertaining to the condition of his finger and the last date upon which he visited Dr. Koeplin. Defendants are requested to provide a supplemental affidavit from Plaintiff's physician at ISCI regarding the condition of Plaintiff's finger and the extent to which Dr. Koeplin's recommendations regarding a follow-up visit have been completed. In the event Plaintiff has already been seen by Dr. Koeplin, Defendants may submit a copy of the medical records relating to this visit to the Court. The supplemental briefing on this issue shall be filed within twenty (20) days of this Order's date.

Plaintiff requested a hearing on the Motion for Injunctive Relief, but the Court will deny the request, pending the submission of supplemental briefing. In the event the Court deems it necessary to schedule a hearing on the injunctive relief request, the parties will be notified.

**ORDER - 15**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Blakeslee's Motion for Summary Judgment (Docket No. 25) is GRANTED on Plaintiff's compensatory damages claims as set forth above.

IT IS FURTHER HEREBY ORDERED that Defendant Blades' Motion to Dismiss or for Summary Judgment (Docket Nos. 33, 34) is GRANTED on Plaintiff's compensatory damages claims as set forth above.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Strike Plaintiff's Response (Docket No. 37) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Court-Ordered Deposition and Requests for Admissions (Docket No. 42) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendant Blakeslee's Motion to Join in the IDOC Defendants' Motion (Docket No. 44) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction (Docket No. 48) is DENIED as set forth above.

IT IS FURTHER HEREBY ORDERED that the parties provide supplemental briefing on Plaintiff's Motion for Injunction on Updated Conditions (Docket No. 52) within twenty (20) days of this Order's date.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Hearing (Docket No. 58) is DENIED.

DATED: **March 12, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER - 17**