IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY PETER PARROTT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-313-S-EJL |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| RANDY BLADES, and DR. ) | |
| BLAKESLEE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion for Injunction (Docket No. 52); and (2) Plaintiff's Motion for Full Transcripts (Docket No. 72). Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(b).

The Court has determined that Defendants' request for summary judgment on Plaintiff's injunctive relief requests will be granted, and Plaintiff's Motion for Injunction will be denied. Plaintiff's Motion for Transcripts on appeal is deemed moot.

**ORDER - 1**

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is presently incarcerated at the Idaho State Correctional Institution (ISCI). Plaintiff asserted an Eighth Amendment violation for an alleged delay in providing adequate medical care for a malignant cancer in his finger. Plaintiff believes that the melanoma has spread to the surrounding tissue and through his blood, and he claims that he is in danger of developing other medical conditions as a result of the melanoma. He was authorized to proceed with this claim against Defendants Warden Blades and Dr. Blakeslee.

Defendants filed Motions for Summary Judgment, and the Court granted both Defendants' Motions, thereby dismissing Plaintiff's damages claim for the Eighth Amendment violations. Based on the record before the Court in the Summary Judgment motions, it appeared that Plaintiff's oncologist, Dr. Koeplin, had recommended follow-up visits every six months. Therefore, the Court requested additional briefing on Plaintiff's request for injunctive relief relating to the follow-up visits to his oncologist. *Memorandum Decision and Order, Docket No. 62*.

After the Court issued its Memorandum Decision and Order, Plaintiff filed a notice of interlocutory appeal. *Docket No. 64*. The Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction on August 30, 2007. *Docket No. 78*. Therefore, the

Court will now enter a ruling on Plaintiff's request for injunctive relief and Defendants' request for dismissal of this claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv*., 809 F.2d at 630 (internal citation omitted).

**ORDER - 3**

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31(internal citation omitted).  The Court is required, however, to determine whether the evidence set forth meets the requirements of Rule 56(c) and (e).  In so doing, the Court is to look at admissibility of the *content* of the evidence, rather than the admissibility of the *form* of the evidence.  *See Fonseca v. Sysco Food Service of Arizona*, 374 F.3d 840, 846 (9th Cir. 2004); *Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v. New Hampshire Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) (same).  Declarations that contain hearsay are admissible for summary judgment purposes if they "could be presented in an admissible form at trial."  *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 377 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's

position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

**Standard for Medical Claims**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways:
>
> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

**ORDER - 5**

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). The Ninth Circuit has also stated that if medical personnel have been "consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," summary judgment is proper. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

## MOTION FOR INJUNCTIVE RELIEF

Based on Plaintiff's allegation that his treating oncologist requested follow-up visits every six months, the Court requested additional briefing on the issue. *Plaintiff's*

**ORDER - 6**

*Continued Motion for Injunction*, Docket No. 52, p. 1-2; *Order*, Docket No. 62, p. 15. The Court requested that Plaintiff submit an updated affidavit pertaining to the condition of his finger and the last date upon which he visited his oncologist, Dr. Koeplin. Defendants were requested to provide a supplemental affidavit from Plaintiff's physician at ISCI regarding the current condition of Plaintiff's finger and the extent to which Dr. Koeplin's recommendations regarding a follow-up visit have been completed.

### A. Facts Pertaining to Injunctive Relief Request

The Court incorporates by reference the facts set forth in the Memorandum Decision and Order. *Docket No. 62*, p. 7-9.

On January 26, 2005, Plaintiff was referred to a hand surgeon, Dr. Troy Watkins, regarding the growth on his finger. Dr. Watkins performed surgery on Plaintiff's finger on April 14, 2005, approximately two and one-half months after the initial examination of his finger by a CMS physician. *Defendants' Statement of Undisputed Facts*, Docket No. 25-2, p. 2 (citing *Affidavit of Jodean Elliott-Blakeslee, M.D.,* Docket No. 25-3). Two weeks later, Dr. Watkins amputated a portion of Plaintiff's left middle finger after it was determined that the growth on the finger was squamous cell carcinoma. *Id.*, p. 3.

Plaintiff saw Dr. Watkins for two additional visits on May 11, 2005 and May 18, 2005. Plaintiff was referred to oncologist, David Koeplin on July 18, 2005, approximately one month after his last visit with Dr. Watkins. Dr. Koeplin prescribed a course of twenty-eight radiation treatments for the squamous cell carcinoma, and Plaintiff received twenty-

**ORDER - 7**

four treatments.  *Plaintiff's Motion to Deny Defendants' Motion*, Docket No. 28, p. 1.  Plaintiff returned to Dr. Koeplin on November 17, 2005 and March 6, 2006 for follow-up visits.

At the March 2006 follow-up visit, Dr. Koeplin reported that there was no evidence of disease related to the squamous cell carcinoma at the last follow-up visit.  *Affidavit of April Dawson, Docket No.* 67, p. 2.  Dr. Koeplin's report to the prison medical provider stated:

> I would be happy to follow Mr. Parrott in my clinic although given that he is incarcerated, I do not feel that is absolutely necessary.  I think he could be followed at the prison.  I would recommend examination of the finger and regional lymphatics every three months for two years and then less frequently thereafter.

Plaintiff was monitored by the medical providers at the prison, and they did not find evidence of a recurrence.  *Id.*, p. 3.  For example, on May 4, 2006, Plaintiff was seen by Dr. Partridge for evaluation of his finger.  Dr. Partridge did not find any evidence of cancer recurrence in the finger, but he decided to refer Plaintiff to Dr. Watkins, the hand surgeon who had previously removed part of Plaintiff's finger.  Dr. Watkins obtained an x-ray of the finger, and he informed Plaintiff that he did not have a recurrence of the tumor.  *Id.*, p. 3.

Dr. Dawson , the regional director for CMS and a licensed physician, examined Plaintiff in August of 2006 for multiple health concerns, including possible prostate cancer, chronic obstructive pulmonary disease, possible lung cancer, gastric esophageal

**ORDER - 8**

reflux disease, possible recurrence of cancer in his finger, and complaints about abdominal pain.  Dr. Dawson found no evidence of cancer recurrence in Plaintiff's finger.  *Id*., p. 3.

Plaintiff was seen by a nurse practitioner on September 13, 2006, a nurse on October 14, 2006, and a nurse practitioner on December 14, 2006.  None of the medical providers found evidence of a cancer recurrence in Plaintiff's finger.  During the December 2006 examination, the nurse practitioner ordered laboratory tests and a pulmonary consultation was requested.  *Id*., p. 4.

On February 15, 2007, Plaintiff was referred to Dr. East for a bronchoscopy in order to evaluate his pulmonary issues.  The bronchoscopy was performed in March of 2007, and the pathology report from the procedure was negative for cancer.  *Id.*

Plaintiff submitted a Response to the Court in which he complained about numerous issues, some of which are related to this action.  The issues relating to the cancer in his finger are as follows: (1) Defendants have not given him a copy of the results of the CT-Scan;[1] (2) Defendants have not given him the results of the biopsy associated with the bronchoscopy; (3) he requires more oxygen to treat his emphysema; (4) he believes his lymph nodes are swollen; (5) he believes Dr. Watkins wanted him to return to remove a

---

[1] Dr. Dawson's affidavit refers to the results of medical tests which Plaintiff claims he has not been given an opportunity to review.  Plaintiff may request an opportunity to review his medical records under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), P.L. 104-191 because in inmate's right to access individual health information was included in the final version of the federal regulations implementing HIPAA.

**ORDER - 9**

growth from his finger; and (6) Plaintiff believes that he should be referred for a CT-Scan every three months.  *Plaintiff's Response, Docket No. 71*, p. 1-2.

Plaintiff continues to assert that the cancer from his finger may metastasize, and therefore, he is concerned that his lung conditions will become worse.  Based on the pathology report from the bronchoscopy, there were no atypical or malignant cells detected in his lungs.  Therefore, Plaintiff's fear that the cancer may have spread into other parts of his body remains just that – a fear.  Furthermore, there is no evidence linking the emphysema condition to the cancerous growth in his finger, other than Plaintiff's own speculation that the two are somehow related.

Plaintiff's most recent submission is a letter to the Court filed August 2, 2007.  In it he claims that he has not received a CT-Scan that his pulmonary specialist recommended after Plaintiff completed a steroid treatment.  *Docket No. 76*, p. 1.  Plaintiff also alleges that he is experiencing pain from a large gall stone.  He claims that he has not been given medical care for these new health conditions.  *Id*.  Because the medical conditions described in the August 2, 2007 letter relate to new medical conditions not at issue in the present action, Plaintiff is advised to complete the prison grievance procedure as to these claims.  If he believes that he can meet the standards governing Eighth Amendment medical claims, then he can include these additional medical conditions in a new action. The Court will not add additional claims to the present action.

**ORDER - 10**

**B. Discussion of Injunctive Relief Request**

Where a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *See Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation and citation omitted). Before a Court can order injunctive relief, it must determine that there is an ongoing constitutional violation. *Toussaint v. McCarthy*, 801 F.2d 1080, 1087-88 (9th Cir. 1986). Therefore, Plaintiff must show that there exist "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 1000 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04, 97 S.Ct. 285, 290-91(1976)). As previously set forth, a disagreement with prison medical providers as to the course of treatment that will be followed, does not amount to deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's oncologist specifically informed him that he could be checked for a recurrence of cancer at the prison, rather than through follow-up visits at Dr. Koeplin's office. Plaintiff has already been referred to Dr. Watkins for a consultation on pain Plaintiff was experiencing in his finger. He has also been referred to a pulmonary specialist for his concerns that the cancer may have moved to his lungs. Although Plaintiff may disagree with the manner in which his follow-up care for cancer has been handled, there is nothing in the record to show that Defendants have been deliberately indifferent to the potential recurrence of the cancer. He has been seen in the prison medical clinic on

**ORDER - 11**

several occasions and referred to outside specialists for his health conditions. It appears from the record that prison medical providers have been consistently responsive to Plaintiff's medical needs, and there is nothing showing that Defendants are acting in conscious disregard of a substantial risk of serious injury to Plaintiff. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

Accordingly, summary judgment on Plaintiff's injunctive relief requests will also be entered on Defendants' behalf. Plaintiff's additional request for injunctive relief is denied.

## MOTION FOR TRANSCRIPTS

After Plaintiff filed his interlocutory appeal in this action, he filed a motion requesting that the record, including any transcripts, be sent to the Ninth Circuit. Plaintiff's appeal was dismissed on August 30, 2007, and therefore, the motion requesting transcripts is moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Injunction (Docket No. 52) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motions for Summary Judgment (Docket No. 25) and (Docket Nos. 33, 34) on Plaintiff's remaining claims in this action are GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Full Transcripts (Docket No. 72) is MOOT.

DATED: **September 21, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge